IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMARCUS THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-CV-00148 (CAR) (CHW) |
| | : | |
| WARDEN CARL HUMPHREY, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Petitioner was indicted on June 23, 2008 in Wilkinson County for two counts aggravated assault, burglary, robbery by force, and kidnapping with bodily injury. Doc. 19-1. Petitioner entered a guilty plea on March 23, 2009 to robbery by force, aggravated assault with intent to rape, and burglary. *Id.* Petitioner was sentenced to thirty years, to serve fifteen. *Id.* Petitioner challenged his convictions in Butts County on January 23, 2012 by filing a state habeas corpus petition. Doc. 19-2. The state habeas court denied relief on December 20, 2012. Doc. 19-4. Petitioner filed an application for a certificate of probable cause in the Georgia Supreme Court on January 18, 2013, and it was denied on June 3, 2013. Doc. 19-5.  Petitioner filed his federal habeas petition on March 30, 2014. Doc. 1.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner filed no direct appeal,

1

his March 23, 2009 judgment became "final" 30 days later, on April 22, 2009, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a). *See also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008).

From that date, Petitioner had one year, or until April 22, 2010, either to file a timely petition for federal habeas relief or to file an application for state post-conviction or other collateral review, thereby tolling AEDPA's limitation period. 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his state habeas petition until January 23, 2012 (Doc. 19-2, p. 1), and because Petitioner filed no other application for State post-conviction review, the time for Petitioner to file a timely petition for federal habeas relief expired on April 22, 2010, and the instant Petition is untimely.

District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In this case, though, Petitioner does not argue that he is entitled to equitable tolling, and nothing in the record indicates that Petitioner is, in fact, entitled to equitable tolling. Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that the instant Petition be **DISMISSED**.

Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve

and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of December, 2014.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge