IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LAMARCUS THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 5:14-CV-148 |
| v. | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| WARDEN CARL HUMPHREY, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER ON THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 20] to grant Respondent's Motion to Dismiss [Doc. 14] and dismiss Petitioner's 28 U.S.C. § 2254 petition [Docs. 1, 11] as untimely.  Petitioner filed a timely Objection to the Recommendation [Doc. 21]**.**  Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the portions of the Recommendation to which Petitioner objects and finds the Objection to be without merit.

In his Objection, Petitioner does not dispute that he filed his petition outside the one-year time limit imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Instead, he appears to argue that the time limit should be equitably tolled because: (1) he suffers from a mental illness; (2) he had a "jailhouse lawyer" to help in

his state habeas proceedings and was misled; (3) he does not have the aid of a "jailhouse lawyer" in this federal habeas proceeding; and (4) he lacks knowledge of the law. As explained by the Magistrate Judge, the time limit for filing a Section 2254 petition may be equitably tolled if Petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[1] "Equitable tolling is an extraordinary remedy which is typically applied sparingly."[2]

None of the reasons provided by Petitioner qualify as "extraordinary circumstances" sufficient to warrant equitable tolling in this case. First, with respect to Petitioner's mental illness, a "mental impairment is not *per se* a reason to toll a statute of limitations."[3] Instead, to justify equitable tolling, a petitioner must show "a causal connection between his alleged mental incapacity and his ability to file a timely petition."[4] In his Objection, Petitioner merely claims that he suffers from a mental illness but does not demonstrate how that illness caused his failure to timely file the instant petition. Therefore, Petitioner's argument that he suffers from a mental illness does not provide an adequate basis for equitable tolling.

Second, although it is not entirely clear from his Objection, it appears Petitioner is arguing that he relied on a jailhouse lawyer in preparing his state habeas petition, and

---

[1] *Holland v. Florida*, 560 U.S. 631, 649 (2010).
[2] *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).
[3] *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).
[4] *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005).

the jailhouse lawyer misled him in some way. Bad legal advice from fellow inmates does not constitute an exceptional circumstance for tolling purposes.[5] Moreover, Petitioner fails to articulate how he was misled, and how the jailhouse lawyer's bad advice prevented him from filing his federal habeas petition within the prescribed time period.[6]

Finally, Petitioner argues he did not have the aid of a jailhouse lawyer in preparing his federal petition and lacks knowledge of the law. Petitioner's *pro se* status and ignorance of the law, however, do not excuse his failure to timely file his petition.[7] "[P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations" under the AEDPA.[8] In any event, Petitioner has not shown that, despite these circumstances, he has diligently pursued his claims. Because no grounds for equitable tolling exist, the Magistrate Judge properly recommended dismissing the petition as untimely.

---

[5] *See Walker v. Graham*, 955 F. Supp. 2d 92, 103-04 (E.D.N.Y. 2013) (holding reliance on jailhouse lawyer's erroneous advice did not qualify as an extraordinary circumstance); *Joubert v. McNeil*, No. 08-23374-CIV, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) ("[A]ny negligence or incorrect advice by inmate law clerks is insufficient for equitable tolling.").
[6] *See Walker*, 955 F. Supp. 2d at 104 (finding petitioner was not entitled to equitable tolling because he did not show how jailhouse lawyer's advice prevented filing of a timely petition).
[7] *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (holding that petitioner's ignorance of the law and *pro se* status do not warrant equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").
[8] *Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007).

Accordingly, the Recommendation [Doc. 20] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Respondent's Motion to Dismiss [Doc. 14] is **GRANTED**, and the petition [Docs. 1, 11] is **DISMISSED**.  Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 23rd day of March, 2015.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

ADP